IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OUMAR DIALLO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID O'NEILL; Secretary of the DHS** | : | |
| **KRISTI NOEM; PAMELA BONDI;** | : | |
| **JAMAL L. JAMISON** | : | **NO. 25-6358** |

# ORDER

**NOW**, this 26th day of November, 2025, upon consideration of Petitioner Oumar Diallo's Petition for Writ of Habeas Corpus (Doc. No. 1), the government's opposition, and petitioner's reply, **IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Mr. Diallo's Motion for Temporary Restraining Order (Doc. No. 3) is **DENIED** as **MOOT**.

2. Mr. Diallo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. The government shall release Mr. Diallo from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **November 27, 2025**.

4. The government is temporarily enjoined from re-detaining Mr. Diallo for seven days following his release from custody.

5. If the government pursues re-detention of Mr. Diallo, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Diallo's removal proceedings.

6. The government shall not remove, transfer, or otherwise facilitate the removal of Mr. Diallo from the Eastern District of Pennsylvania prior to the ordered bond

hearing.  If the immigration judge determines Mr. Diallo is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Mr. Diallo if unforeseen or emergency circumstances arise that require his removal from this District. That request must set forth the grounds for the request and a proposed destination.

_____
TIMOTHY J. SAVAGE, J.